UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>KELLY L. FALCON,<br><br>               Defendant. | NO. CR-04-191-LRS<br><br>**ORDER DENYING MOTION TO RECONSIDER ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS** |

    BEFORE THE COURT is the Defendant's Motion to Reconsider Order Denying Defendant's Motion to Suppress (Ct. Rec. 130). On August 17, 2005, the Court heard argument and testimony presented by defense counsel, Kimberly Deater and Tina Hunt, and counsel for the government, Aine Ahmed.  The Court denied the Defendant's motion and stated its reasons for the denial orally on the record.  This Order is intended to memorialize and supplement the oral ruling of the Court.

    On March 25, 2005 the Court entered an Order denying Defendant's Motion to Suppress having concluded that the warrant issued herein was lawful and supported by probable cause, that the search and seizure of the computer was authorized by the warrant, and that the warrant was sufficiently particular.  Defendant does not seek reconsideration of these rulings.  The Court also held that at that time it could not rule on the specific question of whether the search exceeded the scope of the

ORDER ~ 1

warrant because there was no proffer of evidence regarding the nature of the evidence actually seized, the manner of the warrant's execution, or whether such evidence was going to be used at trial. The Court commented, however, that a keyword search using the word "arson" was within the scope of the warrant.

Defendant's present motion seeks the Court's reconsideration of the issue of whether certain keyword searches conducted during the search of the Defendant's computer exceeded the scope of the warrant. Defendant specifically seeks the suppression of all evidence seized as a result of the keyword searches using search terms such as "arson" and "accelerants." Defendant argues the language of the warrant only authorized the search for financial records relating to the Wildhorse Nite Club, not a generalized search for evidence relating to the crime of arson. Defendant finally argues the plain view exception to the warrant requirement does not apply because the evidence was obtained as a result of an improper search, and not as a result of seeing what was legitimately in "plain view."

The Fourth Amendment warrant requirement was intended to prohibit the issuance of a warrant that permits a "general, exploratory rummaging in a person's belongings," *Coolidge v. New Hampshire*, 403 U.S. 443, 467, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971), and thereby ensures that the scope of a search will be confined to evidence relating to a specific crime that is supported by probable cause. *See United States v. Leary*, 846 F.2d 592, 600 (10th Cir.1988). The Fourth Amendment requires that a search conducted pursuant to a warrant not exceed the strict bounds of the warrant. *Bivens v. Six Unknown Agents*, 403 U.S. 388, 394 n. 7, 91

S.Ct. 1999, 29 L.Ed.2d 619 (1971). "If the scope of the search exceeds that permitted by the terms of a validly issued warrant or the character of the relevant exception from the warrant requirement, the subsequent seizure is unconstitutional without more." *Horton v. California*, 496 U.S. 128, 140, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990). Whether a search exceeds the scope of a search warrant must be determined through an objective assessment of the circumstances surrounding the issuance of the warrant, the contents of the search warrant, and the circumstances of the search. *United States v. Hitchcock*, 286 F.3d 1064, 1071 (9th Cir. 2002). In deciding whether a search exceeded its lawful scope, a court may consider both the purpose disclosed in the warrant application and the manner of the warrant's execution. *Hitchcock supra*, (*quoting United States v. Rettig*, 589 F.2d 418, 423 (9th Cir.1978)).

Despite the need for close construction of the language of a warrant authorizing a search, "affidavits for search warrants ... must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting." *U.S. v. Ventresca,* 380 U.S. 102, 109 85 S.Ct. 741 (1965); *See also United States v. Cannon,* 264 F.3d 875, 878-79 (9th Cir. 2001) (same). Similarly, a warrant must be interpreted in a "common sense and realistic fashion." *United States v. Federbush*, 625 F.2d 246, 251 (9th Cir. 1980) (rejecting the

ORDER ~ 3


defendants' "hypertechnical" argument that "warrants limit[ing] the items to be seized to those held 'in violation of' [a particular statute] precluded the seizure of 'mere evidence' of the commission of the crime"); *See also United States v. Martin*, 157 F.3d 46, 52 (2d Cir. 1998) (noting that warrants should be read in a common sense as opposed to a hypertechnical and cramped manner).

    The Court finds the keyword search of the computer utilizing the terms "arson" and "accelerants" did not exceed the scope of the warrant. At the time of the application for the warrant law enforcement had determined that the fire on April 7, 2004 at the Wildhorse Nite Club, owned by the Defendant, had been deliberately set. Based upon Agent Hart's training and experience, Agent Hart stated in his affidavit offered in support of the search warrant application that 1) arsonists who set or plan fires involving their business, do so for financial gain; 2) arsonists who set or plan fires involving their business for financial gain are frequently in an adverse financial position, making financial information relevant; and 3) arsonists who set or plan fires involving their business "commonly attempt to conceal...items for a period of time generally at or near their domicile, on their person, or in their vehicle." Attachment "B", Defendant's Memorandum in Support of Defense Motion to Suppress*,* Affidavit at 13-14. It was Agents Hart's belief that "documents, records, and *other evidence*" of violations of 18 U.S.C. §§ 844(i), 844(h), and 1341, would be located at the residence and in the vehicle described therein, in addition to "property which was used as a means of committing such offenses..." *Id*. at ¶ 25 (emphasis added). Agent Hart then set forth a list of such property citing "computer or

electronic storage records pertaining to the Wild Horse Nite Club from July 2003 to the present date." *Id*.

    The warrant permits the search of the Defendant's residence for:

> Financial records, receipts, insurance documents, telephone bills, checking account records, canceled checks, bank statements, deposit tickets, business records, ledgers, scheduled payment plans, purchase agreements, written notes, journals, business photographs, expense records, demand letters and correspondence from banks, lending institutions, insurance companies and *any computer or electronic storage records pertaining to the Wild Horse Nite Club from July 2003 to the present date...*
> ...
> concerning a violation of Title 18 United States Code, Section(s) 844(i), 844(h), and 1341...

*Attachment "B",* Defendant's Memorandum in Support of Defense Motion to Suppress, Warrant.

    An objective assessment of the language of the warrant includes permission to search the computer for evidence relating to the specific crimes under investigation as set forth in the warrant, including arson. Additionally, the warrant limited the seizure of evidence to evidence related to the Wildhorse Nite Club, which was the subject of the arson under investigation, from the date of July 2003 on. The warrant does not include a limitation of the search to any particular type of files or the seizure to any particular *type* of evidence. To suggest that the search of the computer was limited to that one particular type of relevant evidence of arson is unjustified and would be an unreasonable hyper-technical construction of the warrant. Notably, the warrant was drafted without any knowledge of the computer's contents and did not limit the search to any specific areas of the hard drive. *See United States v. Hay* 231 F.3d 630, 637 (9th Cir.2000) (the specific location the items are expected to be found on the computers is not required in the warrant).

ORDER ~ 5

Accordingly the keyword searches conducted in this case which involved the mechanical screening of all areas of the computer's hard drive did not exceed the scope of the warrant.

As defense counsel noted during oral argument, the warrant did not prescribe any specific search methodology. However, as explained in the Court's earlier ruling, warrants rarely do because "the warrant process is primarily concerned with identifying what may be searched or seized–not how..." *United States v. Upham*, 168 F.3d 532, 537 (1st Cir. 1999). The keyword search conducted here was not a general "rummaging" in the Defendant's property, violative of the Fourth Amendment. The keyword search was limited to search terms relevant to the specific crimes under investigation. This fact distinguishes this case from the case cited by the Defendant during oral argument, *United States v. Carey,* 172 F.3d 1268 (10th Cir. 1999), wherein the search of image files containing pornographic material was deemed not within the scope of warrant authorizing search for evidence of drug trafficking.

Accordingly, the Court declares the keyword searches conducted on the Defendant's computer using terms related to the crime of arson did not exceed the scope of the warrant and Defendant's Motion for Reconsideration (Ct. Rec. 130) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this  22nd   day of August, 2005.

                         S/Lonny R. Suko
                         LONNY R. SUKO
                    United States District Judge

ORDER ~ 6