UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

KELLY L. FALCON,

Defendant.

NO. CR-04-0191-LRS

**ORDER DENYING DEFENDANT'S MOTIONS FOR ACQUITTAL AND NEW TRIAL**

The Defendant has been convicted of Malicious Use of Fire to Damage Property Used in Interstate Commerce in violation of 18 U.S.C. § 844(i). This matter comes before the Court on Defendant's Motions for Acquittal and for New Trial (Ct. Rec. 254). Pursuant to Rule 29(d)(1), the court considered both motions. The motions were timely filed. On January 10, 2006 a hearing was held. The Defendant was represented by Terence Ryan; the Government by Aine Ahmed and Timothy Durkin. After consideration of both the written record, the testimony of the witnesses, and argument by counsel, the Court orally issued its ruling denying the motions. This Order is intended to memorialize and supplement the oral ruling of the Court.

///

**I. Defendant's Motion for Acquittal**

The Court must determine whether sufficient evidence supports the jury's guilty verdict on Count 1. A challenge to the sufficiency of the evidence requires this court to determine whether "'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Pearson*, 391 F.3d 1072, 1075 (9th Cir.2004) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). The government is entitled to the benefit of any inferences which reasonably may be drawn from established facts. *United States v. Stauffer*, 922 F.2d 508, 514 (9th Cir.1990).

To be found guilty of Malicious Use of Fire to Damage Property Used in Interstate Commerce as charged in Count 1, the government was required to prove beyond a reasonable doubt that the Defendant:

(1) maliciously;
(2) damaged or destroyed a building, or other real or personal property;
(3) by means of a fire or explosive; and
(4) the building, or personal or real property was used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce.

The Court previously considered and denied Defendant's oral motion for judgment of acquittal made at the close of the Government's case regarding the sufficiency of the evidence on the fourth required element. In viewing the evidence in the light most favorable to the prosecution, the Court concludes there is sufficient evidence upon which any rational trier of fact could have found all the essential

elements of the crime beyond a reasonable doubt. The Court further denies the request for a judgment of acquittal as the motion has not offered any basis upon which such a motion can be granted.

**II. Defendant's Motion for New Trial**

"A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal. *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir.1992). "The court is not obliged to view the evidence in the light most favorable to the verdict, and it is free to weigh the evidence and evaluate for itself the credibility of the witnesses." *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir.2000). Thus, "[i]f the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *Kellington*, 217 F.3d at 1097 (quoting *United States v. Lincoln,* 630 F.2d 1313, 1319 (8th Cir.1980)).

The Court concludes that the evidence *does not* preponderate sufficiently heavily against the verdict to suggest a serious miscarriage of justice may have occurred. This case has been properly tried. The Defendant has cited the following allegations of error which he claims would warrant the grant of a new trial:

**1. Rulings of the Court**

Defendant asserts prejudicial error occurred when the Court failed to grant the Defendant's Motion for Judgment of Acquittal, Motion to Exclude Evidence of Financial Need, and Motion to Suppress. The Defendant does not offer any new argument to support these contentions, so the Court stands by the ruling and rationale made in its previous oral and written rulings to support its denial of those motions.

**2. Prosecutorial Misconduct**

Defendant also argues he is entitled to a new trial because of prosecutorial misconduct. During trial the United States Attorney intended to cross-examine defense witness Joy Bresnee "about the true nature and extent of her relationship with Defendant." *U.S. Response to Motion for New Trial* at 4. During cross-examination, Ms. Bresnee was questioned whether she was having a sexual relationship with the Defendant during the 2003/2004 time frame. After denying having had such a relationship at that time, the Government attempted to impeach her testimony by tendering to the witness digital images apparently seized from the computer which was the subject of the search warrant in this case and proceeding to question her whether they depicted she and the Defendant engaged in sexual acts. Defense counsel did not raise an objection to the use of the images during trial. The images were not offered as evidence and were not shown to the jury. Defendant contends the use of the images was improper arguing they were

illegally obtained in violation of the scope of the search warrant and their use violated the Court's pretrial ruling prohibiting the use of pornographic materials.

However, to successfully move for a new trial based on prosecutorial misconduct, a defendant must show that it is "more probable than not that the [prosecutorial] misconduct materially affected the verdict." *United States v. Hinton*, 31 F.3d 817, 824 (9th Cir.1994) (*citing to United States v. Christophe*, 833 F.2d 1296, 1301 (9th Cir.1987). Reversal will only be necessary if the alleged prosecutorial misconduct actually deprived the defendant of a fair trial. *United States v. Yarbrough*, 852 F.2d 1522, 1539 (9th Cir.1988), cert. denied, 488 U.S. 866, 109 S.Ct. 171, 102 L.Ed.2d 140 (1988). The prosecutor's alleged misconduct must be evaluated in the context of the entire trial. *Id*.

It has long been recognized that,

> [t]he United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor-indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one...

*Berger v. U.S.*, 295 U.S. 78, 88, 55 S.Ct. 629, 633 (1935)(per Sutherland, J.).

While the Court concludes that the U.S. Attorney's use of the picture involved subjects beyond the scope of the search warrant, the prosecutor may seek to elicit, through cross-examination, facts which would either directly or inferentially demonstrate that a witness is biased, and therefore, unworthy of belief.[1] Even if the prosecutor's cross-examination by use of the photographs is characterized as improper and the images deemed illegally obtained, "the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219, 102 S.Ct. 940, 947 (1982). A new trial based on prosecutorial misconduct is granted only where the defendant shows that "the conduct more probably than not materially affected the fairness of the trial." *United States v. Atcheson*, 94 F.3d 1237, 1244 (9th Cir. 1996). That showing has not been made here.

---

[1] Though the images were not admitted into the record, the Government was able to receive essentially the same benefit through its line of questioning in front of the jury in which the nature and source of the images was sufficiently described so as to allow any reasonable person to understand their content. Given the Courts pretrial orders in this case, the apparently sexually explicit nature of the images, and the U.S. Attorney's knowledge of the existence of the images and his intention to use them, he should have raised the impeachment issue with the Court and/or defense counsel in advance of beginning to cross-examine the witness using the images.

**3. Ineffective Assistance of Counsel**

Defendant's Motion for New Trial also alleges 21 instances of ineffective assistance of counsel. *See Def. Memo in Support* at 5-11. At the hearing, numbers 12 (failure to call Bobby Levan) and 21 (failure to cross-examine Leanne Green) were orally withdrawn.

Though "[c]laims of ineffective assistance of counsel normally are raised for the first time in collateral proceedings under 28 U.S.C. § 2255," *United States v. Kazni*, 576 F.2d 238, 242 (9th Cir. 1978), the Court recognizes that this is not to say that the issue of ineffective assistance cannot be raised under Fed.R. Crim. 33[2] if an adequate record on such claim can be established. Furthermore, the Court is aware of its duty to take note *sua sponte* "if it was evident during the trial that defendant's legal representation was so inadequate as obviously to deny him his Sixth Amendment right to counsel, or to deny him a fair trial in the due process sense." *United States v. Kazni*, 576 F.2d 238, 242 (9th Cir.1978)(failure of the trial court to take note might constitute plain error which may be

---

[2] In fact, in the Ninth Circuit information supporting an ineffective assistance claim is not considered "newly discovered evidence" within the meaning of Rule 33 and, therefore, if brought at all, a Rule 33 motion for a new trial predicated on ineffective assistance of counsel must be brought within seven days of judgment (or other time as the Court may set). *United States v. Smith*, 62 F.3d 641, 648- 49 (4th Cir.1995); *see also United States v. Allen*, 153 F.3d 1037 (9th Cir. 1998); *United States v. Hanoum*, 33 F.3d 1128, 1130-31 (9th Cir.1994), cert. denied, 514 U.S. 1068, 115 S.Ct. 1702, 131 L.Ed.2d 564 (1995). However, as noted, this is not the usual avenue for raising ineffective assistance of counsel claims.

considered on direct appeal); *see United States v. Laughlin*, 933 F.2d 786, 789 n. 1 (9th Cir.1991).

Upon the Court's review of the written submissions and the requests of both parties to hold an evidentiary hearing, the Court permitted the parties to conduct an evidentiary hearing to create a record sufficiently complete to allow this Court (and any reviewing appellate court) to decide the issue of ineffective assistance of counsel. *See United States v. Hanoum,* 33 F.3d 1128, 1131 (9th Cir. 1994).

After having presided over this case since its beginning, the Court concludes that there is nothing in the record to indicate that the Defendant's legal representation in this case was deficient, nor that any alleged deficiency in any way prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Accordingly, for the reasons stated herein and orally on the record, all nineteen remaining assertions of ineffective assistance of counsel advanced by the Defendant must fail.

**4. Defendant's Right to Testify**

Defendant next contends that he was denied his right to testify at trial essentially as a result of the ineffective assistance of counsel. Defendant alleges that despite apparently informing his trial counsel that he wished to testify, trial counsel "rested the defense case without permitting Defendant to testify and without fully discussing the options with him." Def. Memo. in Support at 12.

It is well established that a defendant has a constitutional right to testify at his trial in his behalf*. Rock v. Arkansas*, 483 U.S. 44, 107 S.Ct. 2704, 2709-10, 97 L.Ed.2d 37, (1987). Although the Defendant now claims that he was "not allowed" to testify, suggesting counsel prevented him from doing so, this aspect of Defendant's claim is not supported by record. At the evidentiary hearing on the Defendant's motion for new trial, Defendant testified only that he had at one time expressed his willingness and desire to testify and that his trial counsel had advised him of his right to testify, but advised him against this course of action. Consistent with this testimony, trial counsel Tina Hunt also testified that though the Defendant was advised he could testify, he was also advised of the dangers of doing so and that he shouldn't testify. The record contains no indication that he objected to counsel's strategy at the time, nor that he indicated a desire to testify when counsel rested without presenting any witnesses. Further, at no point during the trial, particularly when counsel indicated that the defense would present no further witnesses, did the Defendant indicate that he wished to testify or otherwise object to counsel's decision not to call him.

Standing alone, Defendant's mere self-serving claim that he was "not allowed to testify" on his own behalf cannot be permitted to succeed or the criminal judicial process would become unworkable. Consequently, the claim must fail. There is no indication in the record that defense counsel actively thwarted the Defendant's desire

and absolute right to testify on his own behalf. *See United States v. Nohara*, 3 F.3d 1239, 1243 (9th Cir.1993). Rather, the only question presented here is whether counsels' advice to the Defendant and their strategic decision not to call the Defendant were reasonable trial decisions. The Court concludes that they were.

Ms. Hunt testified at the motion for new trial hearing that her advice to the Defendant not to testify was based *in part* upon the Defendant's participation in a mock cross-examination conducted by another attorney in trial counsel's office, which according to Ms. Hunt was "disastrous" on a number of levels. The Defendant also testified that he had been advised his testimony would not be helpful or necessary, as the testimony the Defendant would've liked to have offered would be otherwise admitted through other witnesses and evidence.

The Court concludes that trial counsel's strategic decision and advice to the Defendant not to testify was reasonable, particularly because having the Defendant testify may have opened up inquiry into other matters which may have undermined the defense strategy and damaged the Defendant's credibility. Counsel could reasonably conclude under these circumstances that more harm than good would come from the Defendant's testimony. Accordingly, the Court denies the Defendant's request for new trial on this claim.

///

///

**5. Cumulative Effect**

Finally, Defendant claims the cumulative impact of the alleged errors committed by the trial court and defense counsel establishes prejudice. A defendant may prove that he has suffered prejudice based on the cumulative effect of errors. *Fuller v. Roe*, 182 F.3d 699, 704 (9th Cir.1999) ("cumulative effect of several errors may prejudice a defendant to the extent that his conviction must be overturned"); *Cooper v. Fitzharris*, 586 F.2d 1325, 1333 (9th Cir.1978) (concluding cumulative effect of alleged errors may demonstrate prejudice), cert. denied,440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979). In this case, however, none of the claims raised by Defendant have merit. Accordingly, Defendant cannot demonstrate prejudice resulting from the cumulative effect of the errors as the Court finds no errors to accumulate. *See Villafuerte v. Stewart*, 111 F.3d 616, 632, (9th Cir.1997) ( per curiam ).

**Accordingly, IT IS HEREBY ORDERED**:

Defendant’s Motions for Acquittal and for New Trial (Ct. Rec. 254) is **DENIED.**

The District Court Executive is directed to enter this Order and forward copies of this Order to counsel.

**DATED** this 27th day of January, 2006.

*s/ Lonny R. Suko*
LONNY R. SUKO
United States District Judge