UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. CR-04-191-LRS |
| | ) | |
| vs. | ) | **ORDER DENYING MOTION** |
| | ) | **FOR RECONSIDERATION** |
| | ) | **AND REQUEST FOR** |
| | ) | **CERTIFICATE OF** |
| KELLY L. FALCON, | ) | **APPEALABILITY** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**BEFORE THE COURT** are the Defendant's Motion For Reconsideration
(Ct. Rec. 351) and Request For Certificate Of Appealability (Ct. Rec. 365).

**I. RECONSIDERATION**

Defendant asks the court to reconsider the determination in its "Order
Denying §2255 Motion" (Ct. Rec. 350) that Defendant's trial counsel did not
render ineffective assistance in allowing the jury to determine the issue of
insurance coverage, rather than asking the court determine the issue as a matter of
law.  At trial, the Government presented testimony from certain witnesses that
Defendant would be the sole beneficiary of any insurance proceeds paid by
Scottsdale Insurance Company.  Defendant presented testimony from a witness
that he would not be the sole beneficiary.  Defendant contends the court should
have determined the coverage issue as a matter of law.

The court did not commit a "clear error" in ruling it was proper for the jury

**ORDER DENYING MOTION FOR
RECONSIDERATION, *INTER ALIA* - 1**

to decide the coverage issue in assessing whether Defendant had a motive to set a fire at the Wild Horse Saloon.  Citing a Washington State civil case, *McDonald v. State Farm Fire and Cas. Co.*, 119 Wn.2d 724, 730, 837 P.2d 1000 (1992), but no state or federal criminal cases, Defendant asserts "the interpretation of a policy cannot mean one thing in a civil context and another thing in a criminal context." As the court sees it, however, this is not the question.  The question is the Defendant's Sixth Amendment right to a jury trial and whether the court is entitled to take away an issue from the jury that goes to the Defendant's intent, and ultimately his guilt or innocence, and determine it as a matter of law.   In a criminal case, the fundamental and elementary principle is that the Government must prove every element of the crime beyond a reasonable doubt and the court may not direct a verdict on any issue.  *United States v. Johnson*, 718 F.2d 1317, 1323 (5th Cir. 1983).  As such, the court deems it irrelevant that in civil litigation following Defendant's criminal jury trial and conviction, the Scottsdale Insurance Company, through its counsel in answers to discovery, admitted that under the policy, "Scottsdale could, but was not required to, adjust losses with the owners of damaged property other than Kelly Falcon."[1]

Defendant's Motion For Reconsideration (Ct. Rec. 351) is **DENIED**.

*//*

---

[1]  In any event, it bears noting that in those same answers to discovery, Scottsdale Insurance Company denied that at all times, it knew that under the policy, Kelly Falcon could and would not receive more than his financial interest in any "Covered Property."  Scottsdale also denied that at Falcon's criminal trial, representatives of Andre-Romberg Insurance Agency, Inc., and a representative of Scottsdale, "testified falsely that an 'additional insured' could not receive any insurance proceeds in the event of a covered casualty unless the 'additional insured' was also named as a 'loss payee' or a 'mortgagee.'" (Ex. E to Ct. Rec. 332).

**ORDER DENYING MOTION FOR RECONSIDERATION, *INTER ALIA*- 2**

## II.  CERTIFICATE OF APPEALABILITY

A certificate of appealability must be obtained by a defendant in order to pursue an appeal from a final order in a Section 2255 proceeding.  28 U.S.C. Section 2253(c)(1)(B); Fed. R. App. P. 22(b).  A certificate of appealability should be issued only where the appeal presents a substantial showing of the denial of a constitutional right.  28 U.S.C. Section 2253(c)(2).  A certificate should issue where the Defendant shows that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right, and whether the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000).

For the reasons adequately set forth in the court's "Order Denying §2255 Motion" (Ct. Rec. 350), Defendant has not shown that jurists of reason would find debatable this court's conclusions regarding any of the issues raised by Defendant in his §2255 motion.

Accordingly, Defendant's Request For Certificate Of Appealability (Ct. Rec. 365) is **DENIED**.

**IT IS SO ORDERED**.  The District Executive shall forward a copy of this order to counsel.  The District Executive shall also forward a copy of the order to the Clerk of the Court for the Ninth Circuit Court of Appeals along with the record on appeal.

**DATED** this __3rd__ of February, 2009.

*s/Lonny R. Suko*

———————————————————
LONNY R. SUKO
United States District Judge

**ORDER DENYING MOTION FOR RECONSIDERATION,** *INTER ALIA-*  **3**